Donnelly *vs.* The People.

NEILL DONNELLY, appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, *ex relatione* Derrick C. Bush, appellee.

## Appeal from McHenry.

A proceeding by *quo warranto* is a criminal prosecution, and should be carried on "in the name and by the authority of the People of the State of Illinois," and should conclude, "against the peace and dignity of the same."

This was a proceeding by *quo warranto*, instituted against the appellant, in the McHenry Circuit Court, on the relation of Bush, charging that appellant had usurped the office of sheriff of McHenry county, and enjoyed the privileges and franchises thereof; assigning as special cause, that he had omitted, when taking the oath of office, to take the anti-duelling oath prescribed by the constitution.

The relation commenced: "And now comes Alonzo Platt, state's attorney for the eleventh judicial circuit of the state of Illinois, and on the relation of Derrick C. Bush, who sues for the people in this behalf, and for the said people gives the Court here to understand and be informed," &c., and concluded as follows: that appellant intrudes into the office "contrary to law, and to the damage and prejudice of the said people of the state of Illinois; whereupon the said attorney of the people prays the advice of the Court," &c.

The information was sustained in the Circuit Court, Henderson, Judge, presiding. There were several proceedings in the Court below, which are not noticed here, inasmuch as they are not necessary to an understanding of the points decided.

P. W. PLATT, for appellant.

S. A. HURLBUT, for appellee.

Opinion by Mr. Justice CATON:

This proceeding is a prosecution, within the meaning of sec. 26, art. 5, of the constitution, and should have been carried on, and should have concluded, as is there required. That section provides: "All prosecutions shall be carried on 'in the name and by the authority of the People of the State of Illinois,' and conclude, 'against the peace and dignity of the same.'"

In its broadest sense, the word "prosecutions" would embrace all proceedingsin the Courts of justice, or even elsewhere, for the protection or enforcement of a right or the punishment of a wrong, whether of a public or private character.   The word, as here used, however, has not that comprehensive meaning, but signifies prosecutions of a public or criminal character.   When used in this sense, it means the mode of the formal accusation of offenders, and this may be by presentment, information or indictment.   4 Black. Com., 301; Web. Dict.: "Prosecution."

This proceeding is a substitute for the ancient writ of *quo warranto*, but it is none the less a mode of criminal prosecution, as well to punish the usurper for the usurpation of the franchise, as to oust him from its enjoyment.   The People *vs*. Utica Ins. Co., 15 John., 358.   Blackstone says : " This is properly a criminal method of prosecution, as well to punish the usurper by a fine, for the usurpation of the franchise, as to oust him, or seize it for the crown, but hath long been applied to the mere purpose of trying the civil right, seizing the franchise, or ousting the wrongful possessor; the fine being nominal only."   3 Black. Com., 263. Our statute of *quo warranto*, has in no way changed the criminal character of this proceeding.   It expressly provides, not only for judgment of ouster, but also that the defendant shall be punished for his usurpation by a fine.   Rev. Stat., chap. 86, sec. 2.   The criminal code provides for the punishment of the same offence, by indictment.   Rev. Stat., chap. 30, sec. 105.   A prosecution under one of these statutes, would necessarily be a bar to a proceeding under the other.   It is not supposed, but that prosecutions by indictment are within the provision of the constitution, and indictments have always been framed in conformity to it.   This is a rule of pleading prescribed by the constitution, and, when not conformed to, the indictment would be void.   When the constitution says that prosecutions shall be presented or carried on in a particular mode, it is equivalent to saying that they shall not be presented or carried on in any other way.   This is not only a criminal prosecution, but the rules of pleading, applicable to indictments, govern it.   The same certainty and technical precision are required in both, and the principal if not the only difference between them is, that an indictment is presented by the grand jury, on their oaths, while in informations in the nature of a *quo warranto*,

70

the Court is informed of the facts by the state's attorney. In treating of these informations, Serjeant Hawkins says : "An information differs from an indictment in little more than this, that the one is found by the oaths of twelve men, and the other is not so found, but is only the allegation of the officer who exhibits it. Whatsover certainty is requisite in an indictment, the same, at least, is necessary in an information, and consequently all the material parts of a crime must be precisely found in the one, so must they be precisely alleged in the other, and not by way of argument or recital." 2 Hawk. P. C., 357, sec. 4.

If, then, an indictment must be carried on "in the name and by the authority of the People of the State of Illinois," and must conclude "against the peace and dignity of the same," the omission of these essential words in an information, must necessarily be fatal. The constitution requires them, and the Courts cannot dispense with them. The information being thus fatally defective, it is unnecessary that we should inquire whether the plea to which the Circuit Court sustained a demurrer, was good or not.

The judgment is reversed, with costs against the relator.

*Judgment reversed.*