PEOPLE ex rel. ATTORNEY GENERAL v. SAN FRAN-
CISCO PUBLIC STOCK EXCHANGE.

No. 14,668; August 11, 1893.

33 Pac. 785.

**Corporations—Annulment of Charter.**—The Complaint in an
action to annul the charter of a corporation, for conducting a busi-
ness in violation of the laws against lotteries and gambling, should
clearly and distinctly allege its illegal acts.

APPEAL from Superior Court, City and County of San
Francisco; William T. Wallace, Judge.

Action by the people of the state of California, upon the
complaint and information of the attorney general, to annul
the charter of the San Francisco Public Stock Exchange.
Judgment for defendant. Plaintiff appeals. Affirmed.

Attorney General Hart for appellant; Davis Louderback
for respondent.

HAYNES, C.—Appeal from a judgment upon demurrer
to the complaint. The complaint alleges the incorporation
of defendant, and sets out its articles of incorporation, con-
stitution, and by-laws in full. Its business, as shown by its
articles of incorporation, is to buy and sell stocks, bonds, and
securities. Except as to one feature, the mode of conducting
its business is the same as that of other exchanges with which
the public are familiar, so far as appears from its constating
instruments, and that is that it permits the use of the phono-
graph in making orders, offers, and bids. These offers or bids
may be spoken into the private phonograph of the person
making the bid or offer, or into phonographs kept by the ex-
change for that purpose in adjacent rooms, and the cylinders
containing these bids are placed upon a table in the exchange
room, and afterward placed in the "main phonograph" con-
secutively, in the order in which they are received, and pub-
licly announced; and the bid, offer or order is then placed
upon the blackboard. The bid, offer or order must designate
the member or broker who is to execute it, and the name of

the person making it, unless he directs it to be withheld. The by-laws provide, among other things not material to be noticed, that no fictitious sales or contracts shall be made, and that all stocks and securities must be delivered within thirty minutes after the close of the session. Orders, bids and offers may also be made orally or in writing, at the option of the party making them. The complaint charges that the mode of conducting business by the defendant is in violation of section 330 of the Penal Code, and in violation of the laws of this state, and of the ordinances of the city of San Francisco, "against conducting of lotteries, gambling, and games of chance, and is therefore illegal, and against public policy." It is conceded by appellant that the articles of incorporation, constitution and by-laws, upon their face, seem to be legitimate and proper.; that there is nothing in the law which inhibits the buying and selling of stocks, bonds and securities, and that the proper use of the phonograph is not, in itself, objectionable. This being conceded, the complaint must be held insufficient, unless facts are alleged, showing either that defendant is not operating within its constitution and by-laws, or that while its constitution and by-laws may, upon their face, appear to be legal, the business done, though in conformity therewith, demonstrates their illegality. We do not find in the complaint any allegation tending to show either of such facts. While it is alleged that bids and offers are spoken into the phonograph without the hearing of members of the exchange or the public, and that no one knows the prices fixed until the same are announced through the main phonograph, it alleges that the bids and offers are consecutively announced through the main phonograph. No complaint is made of any wrong or injustice in making the announcements consecutively, nor do we see that any ground of complaint can be based upon the fact that no one can know of the bid or offer until it is announced, as that objection would be equally valid if all bids and offers were made orally. In appellant's brief the argument seems to be confined to the point that respondent's business, as conducted, is a lottery. We see in the complaint no statement of any element of chance, except that which inheres in all speculative business of like character. It is said in appellant's brief that "by a close perusal [of the complaint] it is seen that nothing of substance is either bought

or sold." In a complaint seeking to annul the charter of a corporation, or to end its business by a perpetual injunction, the allegations of misuser ought to be so clear and distinct as to be seen without resorting to a close perusal. We can discover no averment of any fact showing that respondent's business is not conducted in conformity to its charter, constitution and by-laws, or wherein it violates any provision of the Penal Code. The judgment appealed from should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.