STATE OF MAINE

BY

INFORMATION OF SCOTT WILSON, Attorney General,

*vs.*

YORK LIGHT & HEAT COMPANY.

York.    Opinion March 3, 1915.

*Demurrer.    Franchise.    Heat and Power.    Information.    Private and
Special Laws of Maine, 1891, Chap. 213.    Quo Warranto.*

This is an information in the nature of quo warranto.    The defendant demurred,
and the case is before us upon exceptions to the order overruling the demurrer.
The complainant attacks the corporation and asks for a surrender of its char-
tered rights upon a general statement of misuser of its franchise, without
specifying acts constituting misuser, or stating any definite time when such
misuser occurred, or whether single acts or continuous misuser of its franchises
constituted the ground of complaint.

*Held:*

1.    To allege the breach of a condition in general terms is to assert a conclusion
of law, and the plainest principles of good pleading require that the act or acts
or the instances of failure to act should be specified in order that the court may
see whether or not when taken in connection with the charter they amount to a
breach and cause of forfeiture.    The reasonableness of this rule is apparent
when it is considered that when one is injured by a breach of duty, he must
know better than any one else in what the act or neglect consists.

2.    It is settled law that certainty of allegation is indispensable, that the com-
plainant must make his complaint sufficiently full and explicit to show that he
has a case to establish, and thus bring himself within the common law rule of
pleading, that all the essential facts must be averred positively.    These general
rules apply to the form of the allegations as well as to their sufficiency.

3.    In this State quo warranto is a civil action, so determined and classified by
the Legislature, and so considered by the court, and consistently with the rule
universally adopted in common law pleading, we hold that the complaint must
aver the acts or omissions constituting the misuser complained of concisely and
clearly.

4.  The pleadings in such an action are governed in general by the rules applicable in ordinary civil actions.  By such rules the complainant is required to set forth the facts on which he relies, positively and with certainty, in order that the court may be able to determine whether a wrong has been done to the public.

5.  Information in the nature of quo warranto is, however, the appropriate remedy against a corporation for abuse of power, misuse of privilege, malfeasance or non-feasance.

6.  In this case demurrer was properly interposed, and this conclusion is supported by well nigh universal judicial agreement that any defect in the structure of the information may be taken advantage of by demurrer.

7.  The relief to be granted does not depend upon the prayer for relief, but upon the complaint and the evidence, and from the nature of the complaint, a resort to extraordinary remedy, it is surely but fair to require the complainant to reveal what he knows, to state his full case, so that the court may have sufficient information to authorize and justify the later steps necessary in quo warranto,—in short, the State above all other suitors can afford to inform the court frankly, fully and in detail what is believed to be an injury or menace to the public. Such course will surely safeguard the interest of a complainant, and accomplish another end of equal importance in safeguarding the interests of the individuals adverse to the complainant.

On exceptions by defendant.   Exceptions sustained.

This is an information in the nature of quo warranto.   The defendant demurred to the information, and the plaintiff joined the demurrer. The presiding Justice overruled the demurrer and the defendant filed and had allowed exceptions to the overruling of said demurrer.

The case is stated in the opinion.

*Howard Davies, and E. H. Wilson,* for plaintiff.

*Bradley & Linnell,* for defendant.

SITTING:   SPEAR, CORNISH, KING, HANSON, PHILBROOK, JJ.

HANSON, J.   This is an information in the nature of quo warranto. The defendant demurred, and the case is before us upon exceptions to the order overruling the demurrer.

By Chapter 213 of the Private and Special Laws of Maine for the year one thousand eight hundred and ninety-one, the York Light and Heat Company was authorized to supply heat and power by the manufacture of gas and electricity in the Cities of Biddeford and Saco, and town of Old Orchard.

By Chapter 4 of Private and Special Laws of Maine, for the year one thousand nine hundred and three, the defendant Company was authorized to purchase, own and enjoy the franchises, property, shares of stock, rights, easements, privileges and immunities of Old Orchard Electric Light Company. And the information sets out "that the said York Light & Heat Company has long since, to wit: On the first day of May, in the year of our Lord one thousand nine hundred and thirteen, forfeited so much of its said franchise under its Charter and Acts Amendatory Thereto, aforesaid, as pertains to the purposes of supplying light, heat and power by the manufacture of gas and electricity in the town of Old Orchard, and to dispose of electric light and power to individuals and corporations therein, together with all the rights, privileges, powers, immunities, liberties and franchises, aforesaid, thereunto appertaining by law.

First: Because he says, that by the acceptance of the aforesaid Charter and Acts Amendatory Thereto, and of the franchises therein created, the said York Light & Heat Company became charged with the duty of disposing of the electric light and power to individuals and corporations therein, faithfully and impartially, and at reasonable and equal rates, and of thereby serving the public.

Second: Because the York Light & Heat Company since the first day of May, one thousand nine hundred and thirteen has wilfully, intentionally and unlawfully refused to faithfully and impartially perform its aforesaid duties, but has abused its power and misused its privilege, in that, it has charged excessive and exorbitant rates, and has discriminated between its patrons, at said Old Orchard.

Third: Because the aforesaid franchise became the property of the State of Maine on the first day of May, one thousand nine hundred and thirteen, when so forfeited, as aforesaid, but the said York Light & Heat Company so illegally and wrongfully withheld the same from the State since the said first day of May, as aforesaid down to the present day, has claimed and is still claiming to hold the said franchise as its own, and is illegally and unlawfully preventing the occupation of the streets in said Old Orchard, or any other corporation that might otherwise be legally authorized to occupy the same to the great detriment of the public and in violation of the trusts of its Charter, and in wilful perversion of the objects, duties and public obligations thereof. And the said Attorney General further gives the court to understand and be informed that the fore-

going illegal acts and doings by the said York Light & Heat Company, done and performed, and the forfeiture of all charter rights as aforesaid for said town, has during all the time since the said first day of May, one thousand nine hundred and thirteen, now last past, usurped and doth usurp from said State, the liberties, privileges and franchises following, to wit:    Powers, privileges and immunities incident by law to a corporation aggregate to furnish electric lights for lighting streets in the town of Old Orchard, and to dispose of electric light and power to individuals and corporations therein, all which liberties, privileges and franchises, the said company during said time hath usurped and doth usurp from the said State to its great damage and injury.

Wherefore, the said Attorney General prays the advice of the court in this behalf in the premises, that due process of law may be awarded against the said York Light & Heat Company, in this behalf to answer to this court by what warrant it claims to use and exercise the powers, privileges and franchises aforesaid."

The demurrer follows:

And now comes the said defendant and says that said information is insufficient in law, and for the following reasons, to wit:—

1.    Because neither quo warranto nor information in the nature of quo warranto is the appropriate remedy upon the facts alleged in said information.

2.    Because it does not appear from said information that the plaintiff therein has exhausted all other proper remedies.

3.    Because the facts alleged in said information are not alleged with certainty.

4.    Because the matters alleged in said information are insufficient in law to enable the plaintiff therein to maintain his action.

The causes of complaint are:

1.    That the defendant has charged excessive and exorbitant rates.

2.    That it has discriminated between its patrons at Old Orchard.

3.    That it has withheld the franchise illegally and wrongfully since May 1, 1913.

The complainant attacks the corporation and asks for a surrender of its chartered rights upon a general statement of misuser of its franchise, without specifying acts constituting misuser, or stating

any definite time when such misuser occurred, or whether single acts or continuous misuser of its franchises constituted the ground of complaint. It does not appear how much was charged for service, or the excess above the amount claimed to be just and fair, or required by the terms of the Charter. Neither the time, manner or character of the discrimination complained of, nor the name of any person, or persons, affected in any manner by the alleged charges and discriminations are set out in the complaint.

The objections raised by the demurrer necessary to be considered here relate to pleading, and are for the first time raised in this State, but are by no means new to other jurisdictions.

The evolution of quo warranto from its original purpose as the King's writ for the King's personal use and profit to its more general but no less important use in its present form by the people collectively and individually developed a difference in procedure and practice in the matter of certainty in the allegations of the complaint. In a few jurisdictions under statute provision the allegation by the Attorney General of intrusion or usurpation may be of the most general character, and statutes provide that no issue of fact need be tendered. Pleading and Practice, Vol. 17, 457, *State* v. *Pennsylvania Canal Co.*, 23 Ohio St., 121, *People* v. *DeMill*, 15 Mich., 164. *State* v. *McDiarmid*, 27 Ark., 179.

The rule invoked by the complainant under the authority of the above citations "that it is only necessary to set forth in general terms the rights and privileges alleged to be usurped, and the wrongful act or omission complained of may likewise be stated generally by alleging the ultimate fact," cannot be taken as authority in the case at bar. The cases cited were limited and regulated by statute in the first instance, and in the last and most important particular, the rule insisted on by the relator and upon which he relies, is stated in these words: "If the complaint, besides making general allegations, *which, standing alone, would be sufficient*, specifies the particular facts claimed to show usurpation or other illegality, and these do not amount to a cause of action, the entire pleading is bad." Then follow two citations from New York and California Reports, under Sec. 1448, 32 Cyc.

In this connection it may be profitable to note the conclusion of the court in *People* v. *The Kingston and Middleton Turnpike Road Co.*, in 23 Wendell, 193, that "in a proceeding by information in nature of

a quo warranto, facts, necessary to be alleged to show a neglect of duty, must be set out with all the exactness of pleading required in an action for a penalty." See also: *Harris* v. *Mississippi Valley & S. I. R. Co.*, 51 Miss., 602. *Atty. Gen.* v. *Petersburg R. R. Co.*, 28 N. C., 456. *State* v. *Greene*, 88 At., 515 (Vt.). *State ex rel. Union Electric Light & P. Co.* v. *Grimm*, 270 Mo., 483. *The People* v. *San Francisco Stock Exchange (Calif.)*, 33 Pac., 785.

It may be useful also to repeat the text relating to this subject in 2 Spelling, Sec. 1850, which would seem to remove all doubt as to what is the proper pleading in all such cases. That author says: "An information to have a Charter of a corporation declared forfeited must set forth a substantial cause of forfeiture. Under the earlier practice, and before quo warranto was placed on a footing with civil remedies, the prosecutor might in a proceeding to forfeit corporate franchises either disclose in his information the specific ground of forfeiture relied upon, or he might in general terms charge the respondent with exercising certain franchises without authority, and call upon it to show by what warrant such powers were claimed. The plea might then deny the facts charged in general terms, or set forth the authority relied upon, as the case might be, and the replication might then allege the acts upon which the prosecution relied as working a forfeiture. These again might be denied, or a demurrer might be filed following substantially the same course as in ordinary common law pleadings. But under the system now generally prevailing, the complainant must conform to the usual requirements of good pleading with respect to the certainty of the allegations." Then follows the note to same: *Attorney General* v. *Petersburg, etc., R. R. Co.*, 6 Ired., (N. C.) L., 456; *State ex rel. Walker* v. *Equitable Loan & Investment Co.*, (Mo. Sup.) 41 S. W., 916; *Commonwealth* v. *Sturtevant*, (Pa. Sup.) 37 A., 916; 182 Pa. St., 323; *State* v. *Southern, etc., R. R. Co.*, 24 Tex., 80.

For cases where informations asking a forfeiture for non-feasance were held to be defective for uncertainty, see *People* v. *Bristol, etc., Tp. Co.*, 23 Wend. 222; *Atty. Gen.* v. *Petersburg, etc., R. R. Co.*, 6 Ired., 456; *State* v. *Southern, etc., R. Co.*, 24 Tex., 80; *Dullam* v. *Wilson*, 53 Mich., 392.

An information in the nature of quo warranto was brought to forfeit the Charter of the Manhattan Company in the City of New York for non-performance of a condition therein that it should "furnish and

continue a supply of pure and wholesome water sufficient for the use of all such citizens dwelling in said city as shall agree to take it on the terms to be demanded by the said company, alleged in general terms that the defendants have not furnished or continued to supply water sufficient (or a supply or any other quantity of pure and wholesome water) for the use of all citizens dwelling in said city of New York as were willing and desirous to agree for and take the same as aforesaid."

It was held that the Attorney General in alleging a breach of conditions was bound to name such citizens as were willing to agree, etc., and that the naming of one individual would have been sufficient; also that he should have averred a request on the part of those citizens who wished a supply of water, or an offer to pay for it, or that the defendants had notice of such willingness or desire. *People* v. *Prest., etc., of Manhattan Co.*, 9 Wend., 352.

"By analogy to the general rules of pleading established by the various codes, and on the authority of several cases previously cited, where the object of the proceeding is to oust the defendant from the franchise of being a corporation on account of the non-performance of conditions, the facts constituting the breach should be set forth with reasonable certainty. It is plain that to allege the breach of a condition in general terms is to assert a conclusion of law, and the plainest principles of good pleading require that the act or acts or the instances of failure to act should be specified in order that the court may see whether or not when taken in connection with the Charter they amount to a breach and cause of forfeiture. The reasonableness of this rule is apparent when it is considered that when one is injured by a breach of duty, he must know better than any one else in what the act or neglect consists." Idem, 1851. See *People* v. *Milk Exchange*, 133 N. Y., 565.

It is evident that the great weight of authority supports the contention of the defendant, that certainty of allegation is indispensable, that the complainant must make his complaint sufficiently full and explicit to show that he has a case to establish, and thus bring himself within the common law rule of pleading, that all the essential facts must be averred positively. These general rules apply to the form of the allegations as well as to their sufficiency.

In this State quo warranto is a civil action, so determined and classified by the legislature, and so considered by the court, and

consistently with the rule universally adopted in common law pleading, we hold that the complaint must aver the acts or omissions constituting the misuser complained of concisely and clearly.

It is well settled that a proceeding by information in the nature of quo warranto is a civil and not a criminal proceeding. Words and Phrases, 5893, 32 Cyc., 1446, and cases cited.

The pleadings in such an action are governed in general by the rules applicable in ordinary civil actions. Ibid. Clark on Corporations, 244. Spelling, Vol. 2, Sec. 1846.

By such rules the complainant is required to set forth the facts on which he relies, positively and with certainty, in order that the court may be able to determine whether a wrong has been done to the public. This can only be achieved when all the facts known to the complainant are made known to the court, and cannot be fairly arrived at, when, as in this instance, the complaint is based upon conclusions of law only. While the facts from which the conclusions are drawn may be known to the complainant, they are not in the possession of the court, and this consideration leads to the reflection that to sanction the pleading involved, and compel a defendant to answer when he knows not what to traverse, or disclaim, would be to give the complaint an arbitrary range rivalling its earlier license.

Information in the nature of quo warranto is, however, the appropriate remedy against a corporation for abuse of power, misuse of privilege, malfeasance, or non-feasance. Spelling, Sec. 1804, and cases cited. See *Ulmer* v. *Lime Rock R. R.*, 98 Maine, 579.

The same authority recognizes the difficulties attending the determination of whether the facts and circumstances of a given case amount to usurpation, perversion, or non-user, and rules are laid down to aid generally in the solution of questions arising. Idem, Sec. 1812.

In the treatment of the subject under discussion and the requirements of good pleading in respect to indictments and the information in the nature of quo warranto, authority is found for the application of the strict rule that "the same certainty and technical precision are required in both, and the principal if not the only, difference between them is, that an indictment is presented by the grand jury, on its oath, while the information in the nature of quo warranto, the court is informed of the facts by the State's attorney." *Donnelly* v.

*People,* 52 Am. Dec., 460; 11 Ill., 552. But we have no occasion to adopt such strict rule, or apply it in its essential force to the record before us.

In this case demurrer was properly interposed, and this conclusion is supported by well nigh universal judicial agreement that any defect in the structure of the information may be taken advantage of by demurrer. *Territory* y. *Lockwood,* 3 Wallace, 236. *State* v. *Kennedy,* 69 Conn., 220, Spelling, Vol. 2, Sec. 1846. Note to *People* v. *Rens. and Sar. R. R. Co.,* 30 Am. Dec., 51, and cases cited. *The People* v. *Richardson,* 4 Cowen, 97, 119. Note. 32 Cyc., 1449, Note 82.

The information declares that the public are interested, but from this bare statement it cannot follow that the public suffers injury from the act of the defendant. The complaint should be specific and contain sufficiently definite information in the first instance to enable the court to say that a case has been stated which ought to be further considered and a remedy applied. We cannot determine fairly from the information whether there is other remedy than the one sought. It does not inform the court of the proper facts from which to determine whether or not there has been a misuse, an overcharge, or unreasonable discrimination in which the public are interested. The information states a conclusion of law only, and being challenged properly by demurrer, we are constrained to hold that the objections raised by sections 3 and 4 of the demurrer are well within the rule, and supported by the weight of authority.

Whether the alleged misuser is such as works substantial injury to the public, or one of a private right, an injury to one or more individuals in which the public or whole community are not interested, or whether there is another remedy, are questions not passed upon in the present stage of the case.

The relief to be granted does not depend upon the prayer for relief, but upon the complaint and the evidence, and from the nature of the complaint, a resort to extraordinary remedy, it is surely but fair to require the complainant to reveal what he knows, to state his full case, so that the court may have sufficient information to authorize and justify the later steps necessary in quo warranto,—in short, the State above all other suitors can afford to inform the court frankly, fully, and in detail what is believed to be an injury or menace to the public. Such course will surely safeguard the interest of

a complainant, and accomplish another end of equal importance in safeguarding the interests of the individuals adverse to the complainant.

The following citation from a recent well-considered case shows the trend of judicial thought upon the subject:

"Courts will proceed with extreme caution in the forfeiture of corporate franchises. There must be a plain abuse of its powers, some grave misconduct, some act at least by which it has offended the law of its creation, or something material which tends to produce injury to the public, and not merely that which affects only private interests, for which other adequate remedies are provided." *State of Indiana* v. *Portland Gas & Oil Co.*, 153 Ind., 483; 53 L. R. A., 413.

In holding that the complaint is insufficient and necessarily sustaining the exceptions, we do not thereby dismiss the information.

The plaintiff may amend the complaint as in ordinary civil cases. If the complainant desires to amend, it may do so within 30 days from the filing of the certificate of decision, the further pleadings to be filed and testimony taken upon such notice to the parties as the sitting Justice may prescribe. If the amendment is not so filed, the information will be dismissed.

The entry will be,

*Exceptions sustained.*