## ATTORNEY GENERAL *v.* MICHIGAN BELL TELEPHONE CO.

1. REMOVAL OF CAUSES — QUO WARRANTO PROCEEDINGS OF "CIVIL NATURE" REMOVABLE TO FEDERAL COURT UNDER JUDICATURE ACT.

   Under 3 Comp. Laws 1915, § 12350, an information in the nature of *quo warranto*, to test the right of a corporation to continue its business in this State, and to annul its charter, is a proceeding "of a civil nature," removable to the Federal court, although sections 13543, 13544, authorize the imposition of a fine.[1]

2. SAME—DECISIONS OF FEDERAL COURT.

   Under the decisions of the Federal Supreme Court, proceedings based on an information in the nature of *quo warranto* are civil proceedings, and, as such, removable to the Federal court.[2]

3. SAME—CASE REMOVABLE ALTHOUGH ONLY PART OF ISSUES INVOLVED ARISES UNDER FEDERAL LAWS OR CONSTITUTION.

   Under the provisions of the judicial code (36 U. S. Stat. p. 1094, 1 U. S. Comp. Stat. 1916, § 1010), removal of a case to the Federal court may be had where only a portion of the issues involved arises under the Constitution or laws of the United States.[3]

4. COURTS—REMOVAL OF CAUSES.

   As to whether or not a case is removable to the Federal court, the State court is controlled by the decisions of the Federal court.[4]

5. REMOVAL OF CAUSES—STATE COURT DETERMINES RIGHT TO REMOVAL UPON FACE OF PROCEEDINGS ALONE.

   While the Federal court, to which a case is removed, may, on a motion to remand, hear testimony and try questions of fact, the State court, to which a petition for removal is

[1]Removal of Causes, 34 Cyc. p. 1226; [2]Id., 34 Cyc. p. 1226; [3]Id., 34 Cyc. p. 1242; [4]Id., 34 Cyc. p. 1217.

presented, must determine the question upon the face of the proceedings alone.[5]

6. SAME — STATE COURT'S POWER ENDS ON PRESENTATION OF PETITION OF REMOVAL AND FILING BOND.

Upon the presentation of a proper petition for removal and a proper bond, the power of the State court over the case other than to enter the order of removal is at an end, and any proceedings thereafter taken in it are a nullity.[6]

7. COURTS—RIGHT OF STATE COURT TO CONSTRUE FEDERAL STATUTE.

In the absence of a petition for removal, the State court possesses the same power to construe Federal statutes as does the Federal court.[7]

8. REMOVAL OF CAUSES—CONSTRUCTION OF SHERMAN ANTI-TRUST ACT INVOLVED—CONSPIRACY TO MONOPOLIZE TELEPHONE BUSINESS.

An information in the nature of *quo warranto*, brought by the State attorney general to test the right of a corporation to continue in business in this State, and to annul its charter, charging the corporation with conspiring to monopolize the telephone business, both State and interstate, clearly charges a violation of the Sherman anti-trust act (26 U. S. Stat. p. 209, U. S. Comp. Stat. 1916, § 8820 *et seq.*), although the act is not named.[8]

9. SAME—CONSTRUCTION OF FEDERAL STATUTE REQUIRES REMOVAL TO FEDERAL COURT ON PROPER PETITION THEREFOR.

Whether the State attorney general may invoke the Sherman anti-trust act, and whether defendant corporation has violated it, are questions requiring construction of its provisions, and, therefore, on petition of defendant to the State court to remove the case to the Federal court, it is entitled to an order of removal.[9]

*Quo warranto* proceedings by Andrew B. Dougherty, attorney general, against the Michigan Bell Telephone Company to test the corporate rights of defendant to continue business in the State, and to annul its charter: On motion of defendant for an order of transfer to a Federal court.    Submitted June 8, 1926.    (Calendar No. 32,587.)    Motion granted June 16, 1926.

[5]Removal of Causes, 34 Cyc. pp. 1283, 1308, 1322; [6]Id., 34 Cyc. p. 1306; [7]Id., 34 Cyc. p. 1283; [8]Id., 34 Cyc. p. 1243; [9]Id., 34 Cyc. p. 1240.

235—Mich.—27.

*Andrew B. Dougherty,* Attorney General, and *Thomas J. Green,* Assistant Attorney General, for plaintiff.

*Stevenson, Butzel, Eaman & Long (Thomas G. Long* and *H. E. Spalding,* of counsel), for defendant.

PER CURIAM. The attorney general files by leave of court his information in the nature of a *quo warranto* to test the right of defendant to continue its business in the State, and to annul its charter. With considerable detail the information sets up various acts of defendant which it is claimed justify a judgment of ouster and which do not involve any questions of Federal law, either constitutional or statutory. Many of these allegations have to do with dealings between defendant and the American Telephone & Telegraph Company and its subsidiaries. In addition to these allegations, the attorney general further alleges:

"That the said American Telephone & Telegraph Company, its officers, directors, and others, and the said Michigan Company and its officers and directors have conspired to control the transmission of intelligence by telephony, by wire and wireless, without governmental regulation, and as a monopoly throughout the State of Michigan and the entire United States, both interstate and intrastate, and with foreign countries."

Defendant before pleading files its petition to remove the case to the Federal court, claiming its right so to do under the provisions of the judicial code (36 U. S. Stat. p. 1094 [1 U. S. Comp. Stat. 1916, § 1010]) which among other things provides:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by this

title, which may now be pending or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district." * * *

With its petition defendant filed the proper bond. It insists that the allegations of the information upon their face show that in part at least the attorney general's cause of action arises under the laws of the United States and that under these circumstances defendant is entitled to the order of removal.   Oral argument was ordered and had, and exhaustive briefs were filed. The exigencies of the case require a prompt decision. We conceive the questions before us may be disposed. of under the following heads:

(1)  Is this proceeding "of a civil nature?"

(2)  May removal be had where but a portion of the issues involved arises under the laws of the United States?

(3)  The duty of the State court.

1. If we look to our judicature act alone, we should be compelled to characterize the present proceeding as a civil action (3 Comp. Laws 1915, § 12350).   If we turn to the court of last resort of the Nation, we find that court has held that proceedings such as are here under consideration based on an information in the nature of *quo warranto* are civil proceedings and removable as such to the Federal court (*Ames* v. *Kansas*, 111 U. S. 449 [4 Sup. Ct. 437]).   This case has been many times cited and so far as we have been able to find has not been deviated from by that court. If we turn to the well-recognized authority, Ruling Case Law, we must classify the present action as a civil proceeding.   In 22 R. C. L. p. 657, it is said:

"It is clear that the original common-law writ of *quo warranto* was a civil writ at the suit of the crown and not a criminal prosecution.   The first process

was summons, and the judgment never involved more than seizure of the franchise by the crown. The information which took place was a criminal proceeding, and involved fine and imprisonment as well as the ouster of the defendant from the usurped franchise, but it early lost its character as a criminal proceeding in everything except form, and was applied to the mere purposes of trying the civil right, seizing the franchise, or ousting the wrongful possessor, the fine being nominal only. In England the criminal form of the procedure was retained until Stat. 47 & 48 Vict., c. 61, p. 15, which provided that proceedings in *quo warranto* should be deemed civil proceedings whether for the purpose of appeal or otherwise. In many of the States the character of the writ as purely civil in substance has been recognized without special legislation to that effect, and in others statutory provisions have relieved the old civil remedy of the burden of the criminal form of proceeding and restored it to its original position as a civil action for the enforcement of a civil right. The right and the remedy are thus brought into harmony, and parties are not driven to the necessity of using the form of a criminal action to determine a civil right."

See, also, 23 R. C. L. p. 621.

In Rhode Island (*State* v. *Kearn,* 17 R. I. 391 [22 Atl. 322, 1018]), the proceedings are treated as criminal, and the early case of *Donnelly* v. *People,* 11 Ill. 552 (52 Am. Dec. 459), was to the same effect. We need not point out the later holdings of the Illinois court; Federal courts sitting in that State at times recognized this holding, but in the *Lake Front Case* (*State of Illinois, ex rel. Attorney General,* v. *Illinois Cent. R. Co.,* 33 Fed. 721), Mr. Justice Harlan sitting at circuit and deciding a motion to remand after reviewing the Illinois cases and considering the claim that, because a fine was authorized under the Illinois statute, it was, therefore, a criminal proceeding, held that *Ames* v. *Kansas, supra,* was controlling and said:

"Although the practice in Illinois in this class of cases is, in some respects, similar to that obtaining in

criminal cases, and although informations in the nature of *quo warranto* may be of a '*quasi* criminal nature,' under the statute defining and regulating the jurisdiction of the criminal court of Cook county (*Wiggins* v. *City of Chicago*, 68 Ill. 372; *Naylor* v. *City of Galesburg*, 56 Ill. 285), I am of opinion that, as the primary and only material object of the present proceeding is to enforce a civil right, it is to be regarded as a suit of a civil nature, within the principle of the decision in *Ames* v. *Kansas*, and within the meaning of the act of congress; and this, notwithstanding the court has a discretion, in addition to a judgment of ouster, to impose a fine."

This case answers the contention of the plaintiff that the court in the alternative is authorized to impose a fine (3 Comp. Laws 1915, §§ 13543, 13544, *Attorney General* v. *National Cash Register Co.*, 182 Mich. 99 [Ann. Cas. 1916D, 638]). Numerous cases are cited to us where the action was brought under penal statutes to recover penalties and which cases are held not to be removable. The case most strongly stressed of this character is *Wisconsin* v. *Insurance Co.*, 127 U. S. 265 (8 Sup. Ct. 1370), in which the State brought an action of debt upon a judgment recovered for a penalty under a penal statute of the State and in which the court held that the original judgment having been obtained under such penal statute the character of the claims was fixed and the case was not removable. Not only is this claim that the present case is not civil but criminal in character answered by the two Federal cases cited, but it is answered by the further fact that the attorney general in this proceeding does not seek the recovery of a penalty or the imposition of a fine but does seek the annulment of the defendant's charter, its exclusion from the State, and the suspension of its business of furnishing telephone service to the people of the State. We conclude that the first question must be answered in the affirmative.

2. The judicial code does not in terms require as

a condition of removal that the case involve only Federal questions. It was said by Chief Justice Marshall in *Cohens* v. *Virginia,* 6 Wheat. (U. S.) 264, 379:

"A case in law or equity consists of the right of the one party, as well as of the other, and may truly be said to arise under the Constitution *or* a law of the United States whenever its correct decision depends on the construction of either."

In *Railroad Co.* v. *Mississippi,* 102 U. S. 135, it was said:

\* \* \* "And, lastly, that it is not sufficient to exclude the judicial power of the United States from a particular case, that it involves questions which do not at all depend on the Constitution or laws of the United States; but when a question to which the judicial power of the Union is extended by the Constitution forms an ingredient of the original cause, it is within the power of congress to give the circuit courts jurisdiction of that cause, although other questions of fact or of law may be involved in it."

And in *General Investment Co.* v. *Railway Co.,* 260 U. S. 261 (43 Sup. Ct. 106), it was said:

"The suit, according to the plaintiff's statement of its case as made in the bill, was one arising under the laws of the United States, and this was so although the claim to the relief sought was based in part on local constitutions and laws."

Other cases might be cited and quoted from to the same effect but these statements from the court of last resort of the Nation must be accepted as final. Obviously a case involves right under Federal laws and arises under them when it either in whole or in part depends upon them, and the proper construction of them although mixed with them are rights at common law or under State statutes. The second question must likewise be answered in the affirmative.

3. Upon this question as upon the others we are

controlled by the decisions of the Federal court. Many of these have been examined as well as numerous decisions from State courts; some of the latter would be persuasive if we were not bound to follow the Federal holdings. An examination of the decisions of the United States Supreme Court is convincing that the rule is well established and of long standing that while the Federal court to which the case is removed may on a motion to remand hear testimony and try questions of fact, and has quite broad powers, the State court to which the petition for removal is presented must determine the question upon the face of the proceedings alone; and the rule is likewise established that upon the presentation of a proper petition for removal and a proper bond, the power of the State court over the case other than to enter the order of removal is at an end, and any proceedings thereafter taken in it are a nullity. In *Burlington, etc., R. Co.* v. *Dunn,* 122 U. S. 513 (7 Sup. Ct. 1262), it was held (we quote the syllabus) :

"When a petition for a removal of the cause to a circuit court of the United States is filed in a cause pending in a State court, the only question left for the State court to determine is the question of law whether, admitting the facts stated in the petition to be true, it appears on the face of the record, including the petition, the pleadings and the proceedings down to that time, that the petitioner is entitled to a removal; and if an issue of fact is made upon the petition, that issue must be tried in the circuit court."

In *Carson* v. *Hyatt,* 118 U. S. 279 (6 Sup. Ct. 1050), it was tersely stated:

"The State court is only at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further."

And in *Stone* v. *South Carolina,* 117 U. S. 430 (6 Sup. Ct. 799), it was said:

"The mere filing of a petition for the removal of

a suit, which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the State court in the case ends and that of the circuit court begins.

"All issues of fact made upon the petition for removal must be tried in the circuit court, but the State court is at liberty to determine for itself whether, on the face of the record, a removal has been effected."

In *Steamship Co.* v. *Tugman,* 106 U. S. 118 (1 Sup. Ct. 58), it was said:

"The petition was accompanied by a bond, which, it is conceded, conformed to the statute, and was ample as to security. Upon the filing, therefore, of the petition and bond—the suit being removable under the statute—the jurisdiction of the State court absolutely ceased, and that of the circuit court of the United States immediately attached. The duty of the State court was to proceed no further in the cause. Every order thereafter made in the court was *coram non judice,* unless its jurisdiction was actually restored."

And in *Southern Pacific R. Co.* v. *California,* 118 U. S. 109 (6 Sup. Ct. 993), it was said:

"The right of removal does not depend upon the validity of the claim set up under the constitution or laws. It is enough if the claim involves a real and substantial dispute or controversy in the suit."

The attorney general relies on the recent case of *First National Bank* v. *Missouri,* 263 U. S. 640 (44 Sup. Ct. 213). While the opinion is more exhaustive, the case goes no further than *First National Bank* v. *Union Trust Co.,* 244 U. S. 416 (37 Sup. Ct. 734, L. R. A. 1918C, 283, Ann. Cas. 1918D, 1169). Both were cases brought in State courts by the attorney general of a State against National banks. Both were heard without objection in the State courts. In neither was a petition for removal filed. But had such

petition been filed it is manifest that it would have been the duty of the State court to have granted it in both cases.    In the final analysis, both turned on the construction of a Federal statute.    The duty of the State court to remove on petition therefor was not involved in either case.    In the absence of a petition for removal the State courts possess the same power to construe Federal statutes as do the Federal courts.

Turning to the information, it will be noted that defendant is charged with conspiring with the American Telephone & Telegraph Company to monopolize the telephone business, both State and interstate throughout the United States and foreign countries.    While not naming the act, this clearly charges a violation of the Sherman anti-trust act (26 U. S. Stat. p. 209 [U. S. Comp. Stat. 1916, § 8820 *et seq.*]).    The language of the court in *Chalmers Chemical Co.* v. *Chadeloid Chemical Co.,* 175 Fed. 995, is quite applicable.    It was there said:

"The bill plainly avers that these agreements are invalid, among other reasons, because contrary to the laws of the United States.    The only law of the United States bearing on such matters is the so-called 'Sherman act,' being Act July 2, 1892, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200).    Section 1 of that act reads in part as follows:

"'Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal.    Every person who shall make any such contract or engage in any such combination or conspiracy, shall be deemed guilty of a misdemeanor.'

"It would, therefore, appear upon the face of the bill that at least one of the grounds upon which it is sought to cancel the license agreements of 1906 and 1907 is that the same are obnoxious to the provisions of the Sherman act; and this involves directly the construction of a law of the United States.    It is because the statutes of the United States, according to the allegations of the bill, declare a contract in

restraint of trade to be illegal, that the allegation is made that these contracts are 'contrary to the laws of * * * the United States,' and that the bill of complaint seeks the relief prayed for. It appears, therefore, that the correct decision of this case, according to the statements in the bill of complaint, will depend upon the construction of the statutes of the United States, and the application thereof to the agreements in question and to the general license system of the defendant thereby created."

Whether the attorney general may invoke this Federal statute, and whether defendant has violated it, require a construction of its provisions. Under the authorities cited, defendant, upon taking such steps as have been here taken, is entitled to that construction at the hands of a Federal court.

We now come to the case most stressed by the attorney general, *Minnesota* v. *Northern Securities Co.,* 194 U. S. 48 (24 Sup. Ct. 598). That case was originally instituted in the State court by the attorney general of the State of Minnesota. Upon petition it was removed to the Federal circuit court. It was there tried upon its merits. No motion was made to remand. When it reached the Supreme Court that court *sua sponte* raised the question of jurisdiction. Mr. Justice Harlan, who wrote for the court, considered the jurisdiction of the Federal court, discussed the terms of the Sherman act, the provisions for its enforcement, and held that the attorney general of a State may not institute proceedings under it, and having so held eliminated the Federal question. There is no intimation in the opinion that the State court acted improvidently in removing the case to the Federal court, but it was held that that court should have remanded it. The conclusion of the opinion is as follows:

"That being the case, the circuit court, following the mandate of the statute, should not have proceeded

therein, but should have remanded the cause to the State court.

"The decree of the circuit court is reversed and the case is sent back with directions that it be remanded to the State court."

The case may be persuasive on a motion to remand, but it does not touch on the question now before us or in any way modify the cases cited dealing with the power and duty of the State court.

Upon the face of the proceedings before us, defendant is entitled to an order of removal and one will be entered.