## KOLKIN v. GOTHAM SPORTSWEAR, INC., et al.

District Court, S. D. New York.
Feb. 26, 1935.

Louis B. Boudin, of New York City, for complainant.

Sam H. Lipschitz, of New York City, for defendants.

PATTERSON, District Judge.

The plaintiff, Kolkin, filed a bill in this court to restrain the defendant, Gotham Sportswear, Inc., from proceeding further in an action commenced by it against Kolkin and others in the New York Supreme Court. The matter comes up on an application by Kolkin for a preliminary injunction.

The Gotham company, a New York corporation, brought suit in the state court against Kolkin and two others, individually and as representatives of the Needle Trades Workers' Industrial Union. The complaint alleged that the Gotham company was in the business of purchasing and selling knitted goods, with its place of business in New York City; that it was engaged in interstate commerce, in purchasing goods from various manufacturers and in selling the.

same; that among its sources of supply was the Fedora Knit Corporation, with which the labor union had a trade dispute; that merely because the Gotham company purchased goods from the Fedora Corporation, the members of the union conspired to destroy the Gotham business and to prevent it from engaging in interstate commerce, in the course of which conspiracy they falsely declared that a strike was called against the Gotham company, picketed the place of business, intimidated the employees, and did other unlawful acts; that as a result the Gotham company was prevented from carrying on its business in ordinary course of interstate commerce, to its irreparable injury. The relief demanded was an injunction against continuance of the conspiracy to destroy the interstate commerce of the Gotham company and against further picketing, intimidation, boycott, and so on, together with damages. In the affidavits on which was issued an order to show cause why a preliminary injunction should not be granted in the case, it was shown that the Fedora Knit Corporation was located in New Jersey.

Kolkin and his associates seasonably presented a petition and bond for removal of the action to the United States District Court. The ground of removal was that the case arose under the laws of the United States, being based on an alleged conspiracy in restraint of interstate commerce, and involved more than $3,000. The state court refused to approve the bond, taking the position that the case was not a removable one. Kolkin then brought the present suit in the District Court. In his bill he alleged the foregoing facts, attaching as exhibits copies of the Gotham complaint in the state court and the petition and bond for removal. He alleged that the case had been removed to this court, and prayed that the Gotham company be enjoined from proceeding further in the state court. At the same time Kolkin obtained an order to show cause why a preliminary injunction against further steps in the state court should not be issued. There is no diversity of citizenship.

We thus have two suits: The one brought by the Gotham company in the state court and claimed by Kolkin to have been removed to this court; the other commenced by Kolkin in this court to stay further proceedings in the state court as to the Gotham suit.

■ 1. If the case brought by the Gotham company is a removable one in its nature, then the case was in law removed on the filing of petition and bond in due time, the case is in this court, and the state court lost jurisdiction to proceed further in that suit. And on the assumption again that the case belongs to the class of removable cases, it follows that the removing party may bring in this court a suit in equity, ancillary to the first suit, to enjoin his adversary from pressing the case further in the state court. Such an injunction is not forbidden by section 720 of the Revised Statutes (now Jud. Code § 265, 28 USCA § 379). These propositions were settled by Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462. See, also, Atchison, etc., Ry. Co. v. Smith (C. C. A. 9) 47 F.(2d) 223. The denial of removal by the state court, while it will receive respectful consideration, is in no sense binding on this court. Yulee v. Vose, 99 U. S. 539, 25 L. Ed. 355; Removal Cases, 100 U. S. 457, 25 L. Ed. 593.

It is plain then that Kolkin has taken an appropriate remedy to test the removability of the first suit. The sole question is whether the suit brought in the state court was one which on the record could be removed to this court by Kolkin and the other defendants in that suit. If so, Kolkin should have his injunction in the ancillary suit. If not, the injunction should be refused and the ancillary suit dismissed.

■ 2. The District Court, by section 24 (1) of the Judicial Code (28 USCA § 41 (1), is given jurisdiction over suits arising under the laws of the United States, provided the controversy involves more than $3,000. By the Removal Act (Judicial Code § 28, 28 USCA § 71), any suit arising under the laws of the United States, of which the District Court is given original jurisdiction, may be removed from a state court to the District Court. Kolkin's position is that the suit commenced against him by the Gotham company arises under the laws of the United States, to wit, under the federal antitrust laws, and consequently is removable. I am of opinion that the position is a sound one.

The Sherman Anti-Trust Act, in section 1, declares conspiracies in restraint of interstate trade or commerce to be unlawful. 15 USCA § 1. By section 7, any person injured is given the right to sue for damages in the District Court. 15 USCA § 15 note. By section 16 of the Clayton Act, any person may have injunctive relief, by suit in the United States courts, against threatened

684

damage by violation of the anti-trust laws. 15 USCA § 26.

The complaint in the state court, as already pointed out, is grounded on the allegations that the Gotham company is doing business in interstate commerce; that Kolkin and others, because of a dispute between their union and a concern from which the Gotham company bought goods, conspired to break up such interstate commerce; and that in the course of such conspiracy Kolkin and his associates caused various torts to be committed against the Gotham company. It cannot be doubted that the cause of action thus stated is one to enjoin a conspiracy in restraint of interstate commerce and is one of which the United States courts would have original jurisdiction. As framed it is of the same character as were the grievances of the plaintiffs in Loewe v. Lawler, 208 U. S. 274, 28 S. Ct. 301, 52 L. Ed. 488, 13 Ann. Cas. 815; Bedford Cut Stone Co. v. Journeyman Stone Cutters' Ass'n, 274 U. S. 37, 47 S. Ct. 522, 71 L. Ed. 916, 54 A. L. R. 791, and Duplex Printing Press Co. v. Deering, 254 U. S. 443, 41 S. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196. In those cases it was held that where an unlawful conspiracy by members of a labor union was aimed directly at the plaintiff's interstate trade, as by secondary boycotts, the case was under the ban of the federal anti-trust laws. It does not matter that by the same alleged conspiracy restraint is placed on intrastate commerce as well. Loewe v. Lawler, supra. It does not matter that the Sherman Anti-Trust Act and Clayton Act are not mentioned by name in the complaint. Attorney General v. Michigan Bell Telephone Co., 235 Mich. 416, 209 N. W. 200. 'Nor does it matter that the Gotham company could doubtless have based a case for injunction on a cause of action with no federal aspects, a cause of action merely to restrain the commission of tortious acts. In the complaint as drafted, it has seen fit to complain that its business in interstate commerce has been obstructed by unlawful conspiracy of Kolkin and others. A case of that character is a removable case. See General Investment Co. v. Lake Shore R. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Chalmers Chemical Co. v. Chadeloid Chemical Co., 175 F. 995 (C. C. W. Va.). In fact, it has been held by the court of last resort that a civil suit founded on the Sherman Anti-Trust Act or Clayton Act may not be maintained in a state court, and that on removal of such a case to the federal court it must be dismissed for want of jurisdiction in the court where it was originally brought. General Investment Co. v. Lake Shore R. Co., supra.

The result, removal followed by dismissal, may seem harsh on the Gotham company, but if the facts averred in its complaint are true, it is not without adequate redress. It may bring suit originally in this court in reliance on the federal anti-trust acts; or it may bring a new suit in the state court, ignoring the alleged conspiracy to restrain interstate commerce and complaining simply of the commission of common-law torts by Kolkin and those acting in concert with him.

The case is a removable one; it was properly and seasonably removed from the state court; Kolkin is entitled to a preliminary injunction restraining his adversary from taking further proceedings in the case in the state court. The order may be settled on two days' notice.